## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

TIMOTHY ALAN COURTNEY                                           PETITIONER

v.                          No. 4:07CR00261 JLH

UNITED STATES OF AMERICA                                  RESPONDENT

### OPINION AND ORDER

Timothy Alan Courtney has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For reasons that will be explained the motion is denied.

### I.

Courtney was charged in a 10 count superseding indictment for alleged violations of several provisions of the statutes pertaining to child pornography for events occurring in June, July, and August of 2007. On November 20, 2008, pursuant to a written plea agreement, he entered a plea of guilty to Count 1, which charged that he

> knowingly caused to be made and published a notice and advertisement that was transported in interstate and foreign commerce, including by computer, seeking and offering to receive, exchange, buy, produce, display, distribute, and reproduce, a visual depiction involving the use of a minor engaging in sexually explicit conduct. All in violation of Title 18, United States Code, Sections 2251(d)(1)(A), 2251(d)(2)(B), and 2251(e).

After the Court accepted Courtney's guilty plea to Count 1, the remaining counts were dismissed pursuant to the plea agreement on motion of the government.[1]

Courtney was sentenced on June 11, 2009. The statute of conviction requires a term of imprisonment not less than 15 years nor more than 30 years. 18 U.S.C. § 2251(e). The base offense

---

[1] A forfeiture count was not dismissed at the change of plea hearing, but it was not contested. The items to be forfeited were administratively forfeited, and the forfeiture allegation later was dismissed from the indictment.

level under the guidelines was 22 pursuant to U.S.S.G. § 2G2.2(a)(2). The material involved prepubescent minors, which resulted in a two level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2). The offense involved distribution for the receipt or expectation of receipt of a thing of value but not for pecuniary gain, which resulted in a five level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B). The offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence, which resulted in a four level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4). The offense involved the use of a computer, which resulted in a two level enhancement pursuant to U.S.S.G. § 2G2.2(b)(6). The offense involved more than 600 images, which resulted in a five level enhancement pursuant to U.S.S.G. § 2G2.2(b)(7)(D). These enhancements raised the offense level from 22 to 40. Courtney was given a three level reduction for acceptance of responsibility, which made the final offense level 37.

The presentence report also called for a five level enhancement pursuant to U.S.S.G. § 4B1.5(b)(1) on the ground that Courtney was a repeat and dangerous sex offender as he had engaged in a pattern of activity involving prohibited sexual conduct. Thus, according to the presentence report, the final offense level should have been 42, which meant that the guideline imprisonment range should have been 360 months to life.

Courtney's lawyers objected on his behalf to the five level enhancement for being a repeat and dangerous sex offender. The prosecutor declined to present evidence on that objection, so the Court sustained the objection, leaving the offense level at 37.

Courtney had no criminal history points, so the criminal history category was I. With an offense level of 37 and a criminal history category of I, the guideline imprisonment range was 210

to 262 months. As noted, the statutory imprisonment range was a minimum of 15 years and a maximum of 30 years.

Courtney's lawyers argued at sentencing for a downward variance to the statutory minimum. The prosecutor argued that the Court should not impose a sentence below the low end of the guideline range. Over the prosecutor's objections, the Court granted Courtney's motion for a downward variance and imposed the sentence requested by Courtney's lawyers, which was a term of imprisonment of 180 months.

The judgment and commitment order was entered on the same day as the sentencing, June 11, 2009. Courtney filed a *pro se* notice of appeal on June 19, 2009. On October 14, 2009, Courtney requested through his appellate lawyer that the Eighth Circuit dismiss his appeal. On October 26, 2009, he filed an acknowledgment of and consent to the dismissal of the appeal. The acknowledgment says, "I have been informed of my attorney's intention to dismiss my appeal. I concur in my attorney's decision and hereby waive all rights to object or raise any points on appeal." The acknowledgment is signed by Courtney. On October 28, 2009, the Eighth Circuit entered a judgment dismissing the appeal. The mandate of the Court of Appeals was issued that same day.

Courtney filed his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on January 4, 2011. He argues that he was denied effective assistance of counsel on two grounds: (1) failure of counsel to research and inform him adequately regarding the relevant statutes and the triggering conduct and the corresponding sentencing differences, and (2) failure of counsel aggressively to pursue strategies and arguments to mitigate sentencing to the fullest extent possible. He also argues that the sentence of 15 years violates the Eighth Amendment's ban on cruel and unusual punishment in that the punishment is grossly disproportionate to the crime, the sentence was

unreasonable, and there is some concern of potential influence or bias inasmuch as the prosecutor, Joe Volpe, was appointed to the position of United States Magistrate Judge for the Eastern District of Arkansas shortly after Courtney was sentenced.

The government, in response, argues that Courtney's petition is barred by the applicable statute of limitations; that all of Courtney's claims are procedurally defaulted except for his claims of ineffective assistance of counsel; and that his claims of ineffective assistance of counsel are without merit.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 provides for a one year period of limitation from the date the judgment of conviction becomes final.  *See* 28 U.S.C. § 2255(f)(1).[2] When a convicted person appeals a conviction, the conviction becomes final when the Supreme Court affirms the conviction on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.  *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1077, 155 L. Ed. 2d 88 (2003).  If a convicted person does not file a notice of appeal, the conviction becomes final when the period for filing a notice of appeal expires, which in June of 2009 was ten days.[3]  *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008).  The issue here is, when does a conviction become final for purposes of § 2255(f)(1) if the convicted person files a timely notice of appeal and the appeal is docketed by the court of appeals but the convicted person voluntarily dismisses the appeal before a decision on the merits?

---

[2] The later dates from which the one year period of limitations sometimes may run are not in issue here.  *See* 28 U.S.C. § 2255(f)(2)-(4).

[3] Fed. R. App. P. 4(b)(1)(A) was amended effective December 1, 2009, to provide that a defendant's notice of appeal must be filed 14 days after entry of the judgment or order appealed.

When the convicted person does not appeal, the conviction becomes final when the time for filing a notice of appeal expires. The government reasons that when the convicted person voluntarily dismisses a notice of appeal, the proceedings are rendered a nullity, and the parties are placed in the same position as if they had never filed a notice of appeal, relying on *Vanover v. Bohnert*, 11 Fed. Appx. 679, 681 (8th Cir. 2001), which cites *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996), and relying as well on *Williams v. United States*, 553 F.2d 420, 422 (5th Cir. 1977). Following that argument, the government concludes that the time for filing a notice of appeal expired on June 25, 2009, so the time for filing Courtney's § 2255 motion expired on June 25, 2010.

None of the cases cited by the government hold that a voluntary dismissal of a notice of appeal means that the period of limitations under § 2255 began to run from the last date that a notice of appeal could have been filed. *Vanover* was a civil case in which the plaintiff had first filed a civil action in state court, which he voluntarily dismissed, and then he filed the same action in federal court, which he also voluntarily dismissed, and thereafter he filed a third action in state court, which the defendant moved to dismiss on the grounds that the two prior voluntary dismissals operated as an adjudication on the merits. The plaintiff then returned to federal court and filed a request to withdraw the dismissal, which the district court denied. The Eighth Circuit affirmed, holding in that context that the effect of the voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure is "to render the proceedings a nullity deprive the court of any power to adjudicate the withdrawn claim." *Williams v. Clarke* was a habeas case pursuant to 28 U.S.C. § 2254. There, the petitioner, who was a death row inmate, filed a second habeas petition on the date of his scheduled execution. Before any action was taken on his petition, the state court granted a stay of execution to allow an evidentiary hearing on post-conviction proceedings in state court. The petitioner then

moved to dismiss his habeas petition without prejudice, and the district court granted the motion to dismiss under Rule 41(a)(1) of the Federal Rules of Civil Procedure. The respondent appealed. The Eighth Circuit held that a voluntary dismissal under Rule 41(a)(1) rendered the proceedings a nullity and left the parties as if the action had never been brought. *Williams*, 82 F.3d at 273. Accordingly, there was no appealable order, and the Eighth Circuit dismissed the appeal for lack of jurisdiction. *Id*. *Williams v. United States* was a civil case in which the district court directed a verdict in favor of the Internal Revenue Service. The appellants filed a notice of appeal but voluntarily dismissed the appeal. Ten months later, they requested an enlargement of time for filing of the notice of appeal and a reinstatement of the dismissed appeal, which the district court denied. In that context, the Fifth Circuit held that dismissal of the notice of appeal before it was docketed placed the appellants in the same position as if they had never filed a notice of appeal in the first place, which made the second notice of appeal untimely. *Williams*, 553 F.2d at 422. Thus, none of the cases cited by the government stands for the proposition that under § 2255 the one year period of limitations begins to run on the date the time for filing a notice of appeal expires if defendant files a notice of appeal but voluntarily dismisses it.

      So far as the Court can ascertain, the argument asserted by the government here has never been asserted in any other action and therefore has never been addressed by any court. The government has not heretofore in any case argued that, when a convicted person voluntarily dismisses a notice of appeal, the conviction became final when the time for filing a notice of appeal expired. Instead, the issue that has been argued by the parties and addressed by the courts in earlier cases is whether in such an instance the conviction becomes final when the appeal is dismissed or whether it becomes final when the time for filing a petition for writ of certiorari would expire

90 days later. The courts are divided on this issue. On the one hand, the Third Circuit in an unpublished opinion declined to issue a certificate of appealability when a district court had dismissed a § 2255 petition as untimely, holding that the one year period of limitations began to run on the date that the petitioner's direct appeal was voluntarily dismissed. *United States v. Sylvester*, 258 Fed. Appx. 411 (3rd Cir. 2007). The court stated:

> That [the petitioner's] § 2255 motion was untimely is not reasonably debatable. His conviction became final and the limitations period began to run when his appeal was voluntarily dismissed. When an appeal is voluntarily dismissed, further direct review is no longer possible. Just as the conviction of a defendant who does not appeal becomes final when the 10-day appeal period expires and the conviction of a defendant who does appeal becomes final when the direct review process is completed, so too did [the petitioner's] conviction become final when further direct review was foreclosed.

*Id.* at 412 (citations omitted). It appears that the majority of the district courts agree with *Sylvester*. *See United States v. Goward*, 719 F. Supp. 2d 792, 794 (E.D. Mich. 2010) (§ 2255's period of limitations begins to run when the appeal was voluntarily dismissed); *Imburgia v. Bradshaw*, No. 1:09CV2009, 2010 WL 1628054, *5 (N.D. Ohio, Apr. 22, 2010) (the statute of limitations for filing a petition under 28 U.S.C. § 2244(d)(1)(A) began to run when the Ohio Supreme Court granted the convicted person's motion to withdraw his appeal); *Pena v. United States*, No. 05-137-T, 2009 WL 196110, *2 (D. R.I., Jan. 24, 2009) (the conviction became final under § 2255 on the date the convicted person's appeal was voluntarily dismissed); *United States v. Garibay-Mares*, Nos. CV072644, CR051260, 2008 WL 4630343, *5 (D. Ariz., Oct. 20, 2008) (the petitioner's conviction became final under § 2255 when his appeal was voluntarily dismissed); *United States v. Martin*, Nos. 3:02CR283R, 3:05CV836P, 2008 WL 4211153, *4 (N.D. Tex., Sept. 12, 2008) (when an appeal is voluntarily dismissed, the judgment is final for § 2255 limitations purposes on the date of dismissal

and issuance of the mandate); *Flores v. United States*, Nos. EP-06-CA-240-DB, EP-97-CR-832-DB, 2007 WL 496711, *3 (W.D. Tex., Jan. 24, 2007) (the conviction became final when the convicted person voluntarily dismissed his appeal).

In contrast, the Seventh Circuit has held that when a convicted person files and then voluntarily dismisses an appeal from a conviction, the date of finality is computed by adding 90 days (the time within which a petitioner can petition for writ of certiorari) to the date the appeal is dismissed. *Latham v. United States*, 527 F.3d 651 (7th Cir. 2008). In *Latham*, the convicted person dismissed his appeal on May 1, 2003, and the mandate issued immediately. Within two weeks, the convicted person filed a motion to reinstate the appeal. That motion was denied on June 9, 2003. The convicted person filed his petition under § 2255 on May 7, 2004. The district court dismissed the petition on the grounds that the direct review became final when the convicted person's appeal was voluntarily dismissed on May 1, 2003. The Seventh Circuit held that the motion to reinstate the appeal, which was filed within the time for a petition for rehearing, was enough to put off "finality" until the motion was denied, so the § 2255 petition was timely. The Seventh Circuit did not stop there, however. The court went on to say, *in dicta*, that, even if no motion for reinstatement of the appeal had been filed, direct review would not have been final until 90 days after the appeal was voluntarily dismissed. The court explained:

> What's more, [the § 2255 petition] would have been timely even if he had not sought the appeal's reinstatement. The district court assumed that [28 U.S.C. § 1254], which allows the Supreme Court to review judgments by certiorari, works like 28 U.S.C. § 1291, which deals with appellate review of district courts' judgments. Section 1291 allows for review only by persons aggrieved by final decisions. Prevailing litigants–that is, those who received from the district court whatever relief they requested–cannot appeal under § 1291. The district court treated Latham as a prevailing party (he asked for the appeal to be dismissed, after all) who therefore could not seek review by the Supreme Court.

> Section 1254, however, allows "any" party, including a prevailing party, to petition for certiorari. *See* Eugene Gressman, Kenneth S. Geller, Stephen N. Shapiro, Timothy S. Bishop & Edward A. Hartnett, *Supreme Court Practice* 86-89 (9th ed. 2007). It also allows review whether or not a court of appeals has issued a final decision. *Id*. at 81-86. All that is necessary is that a case be "in" the court of appeals. A notice of appeal from a final decision puts the case in the court of appeals. *Hohn v. United States*, 524 U.S. 236, 118 S. Ct. 1969, 141 L. Ed. 2d 242 (1998). That some later event–such as the issuance of mandate or the denial of a certificate of appealability–puts the case "out" again does not defeat the Supreme Court's authority. It can issue a writ of certiorari to decide whether the case should have remained in the court of appeals rather than being ejected.
>
> The United States reminds us that waivers of appeal are enforceable. *See United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995). But our practice concerning waivers of appeal supports Latham rather than the prosecutor. A defendant who forswears appellate review as part of a plea bargain remains entitled to file a notice of appeal. Although that appeal is doomed unless the guilty plea is involuntary–for we held in *Wenger* that the plea and the waiver stand or fall together–the possibility that the defendant will be able to have the plea vitiated permits at least the preliminary stages of an appeal. (This is an application of the principle that every court has jurisdiction to determine its own jurisdiction.) If we dismiss the appeal, the defendant is entitled to ask the Supreme Court to review our judgment by writ of certiorari, and [*Clay v. United States*] will determine the date on which the conviction becomes "final". What is true of a waiver executed in the district court is true of a waiver executed in the court of appeals. Latham was entitled to argue–to us, and to the Supreme Court–that his appeal should have been reinstated because his waiver was involuntary. So 90 days to seek certiorari is added to May 1, 2003, and the collateral attack is timely.

*Latham*, 527 F.3d at 652-53.

The Eighth Circuit has not addressed the issue. It has, however, in a very different context, cited *Latham* with approval. *Sabhari v. Frazier*, 387 Fed. Appx. 672, 674 (8th Cir. 2010).

The Third Circuit likewise has cited *Latham* in an unpublished opinion without noting the contradiction between *Latham* and *Sylvester*. *United States v. Parker*, No. 08-3376, 2011 WL 767740 (3rd Cir., March 1, 2011). In *Parker*, a habeas petition was filed pursuant to § 2255. The district court dismissed the habeas petition as time-barred, and the Third Circuit reversed, stating:

9

> We write primarily for the parties and therefore need not recite the underlying facts or procedural history of this appeal except to note that Parker filed his petition on March 27, 2008, and the district court thereafter dismissed it as untimely. To its very substantial credit, the government now concedes that the petition was not time-barred, and that the Assistant U.S. Attorney erred in arguing that the petition was untimely. *See* Appellee's Br. at 10 ("[u]pon consideration of the matter, the government believes that its position before the district court was in error, and now agrees with Parker's view."). We agree. *See* 28 U.S.C. § 1254, and *Latham v. United States*, 527 F.3d 651 (7th Cir. 2008). As the government so candidly states: "There is no known precedent for a proposition that a criminal defendant who seeks voluntary dismissal of an appeal is foreclosed from filing a petition for certiorari challenging the dismissal." Appellee's Br. at 14.
>
> Accordingly, we will vacate the order of the district court dismissing the appellant's petition as untimely. In doing so, we note that the government's handling of this appeal is truly exemplary and in the best tradition of prosecutor as an officer of the court and the legal representative of all the people of the United States, including those convicted of crimes.

*Id.* at *1.

In the absence of binding precedent from the Supreme Court or the Eighth Circuit, the Court concludes that the decision of the Seventh Circuit in *Latham* is the more persuasive interpretation of § 2255(f)(1). As the Seventh Circuit noted in *Latham*, the fact that a convicted person voluntarily dismisses his appeal does not preclude his filing a petition for writ of certiorari in the Supreme Court of the United States pursuant to 28 U.S.C. § 1254. Hence, the period of limitations under § 2255(f)(1) begins to run 90 days after a convicted person voluntarily dismisses his appeal.

Here, the Eighth Circuit dismissed Courtney's appeal on October 28, 2009. The 90th day after October 28, 2009, was January 26, 2010. The one year period of limitations began to run on that date. Courtney's § 2255 motion was filed on January 4, 2011, which was less than one year later. Thus, Courtney's § 2255 petition was timely filed.

**III.**

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Proving that the deficient performance prejudiced the defense requires proving that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The *Strickland* test also applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). When the claim of ineffective assistance of counsel arises out of the plea process, the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59, 106 S. Ct. at 370. An increased prison term may constitute prejudice under the *Strickland* standard. *Glover v. United States*, 531 U.S. 198, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

The Court has serious doubts as to whether the performance of Courtney's lawyers at the plea stage of the case was in fact inadequate, but for purposes of ruling on his § 2255 petition, the Court will accept as true his assertions that his lawyers did not inform him adequately of the consequences of the plea. Nevertheless, Courtney cannot establish the prejudice element because the Court fully

and thoroughly informed him of the consequences of the plea at his change of plea hearing. The Court explained three different times during the change of plea hearing that if Courtney pled guilty to Count 1 he would be subject to a term of imprisonment of at least 15 years and not more than 30 years. In addition, Courtney told the Court under oath that he had read his plea agreement and understood it. The plea agreement recited that Courtney's guilty plea would result in a conviction the penalty for which would include a term of imprisonment of not less than 15 years and not more than 30 years. Consequently, there is no doubt about the fact that Courtney was fully informed as to the consequences of a guilty plea in this instance. Courtney cannot show that because of some deficiency on the part of his lawyers he was not aware of the consequences of pleading guilty to Count 1 because such a showing is conclusively foreclosed by the transcript of the change of plea hearing.

Likewise, Courtney cannot show that the performance of his lawyers at sentencing was deficient. The sentence imposed on Courtney was the mandatory minimum under the statute of conviction. Nothing that Courtney's lawyers could have done would have resulted in a sentence below the statutory minimum. The Court had no discretion to impose a sentence below the statutory minimum. Although he asserts that his lawyers' performance was inadequate for failing to argue that a 15 year sentence could violate the Eighth Amendment, Courtney has cited no authority supporting the proposition that §§ 2251(d)(1)(A), 2251(d)(2)(B), and 2251(e) are unconstitutional on their face or as applied. Hence, Courtney fails to demonstrate that his lawyers' failure to raise this argument rendered their performance deficient or that he was prejudiced by this failure.

For these reasons, the record conclusively establishes that Courtney cannot establish that he is entitled to habeas relief due to ineffective assistance of counsel.

**IV.**

Courtney has procedurally defaulted his claims that the sentence violates the Eighth Amendment, is grossly disproportionate to the crime, and is unreasonable. "Claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion." *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010). Courtney did not argue before this Court that his sentence of 15 years violates the Eighth Amendment's ban on cruel and unusual punishment, and, since he dismissed his appeal, obviously he did not pursue that issue on direct appeal. He did not argue that the sentence was grossly disproportionate to the crime, that the sentence was unreasonable, or that the length of the sentence was affected by any concern for potential influence or bias. Indeed, at the sentencing hearing Courtney requested the statutory minimum of 15 years, and the Court granted his request, over the objection of the prosecuting attorney.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010) (quoting *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). Here, Courtney does not argue any cause for his procedural default nor does he argue that he is actually innocent. He makes no response at all to the government's argument that he has procedurally defaulted his claims other than his claims of ineffective assistance of counsel. Consequently, the Court will not address the merits of Courtney's arguments that his sentence violates the Eighth Amendment, is grossly disproportionate to the crime, and is unreasonable.

**V.**

Courtney also argues that the Court, the prosecutor, or both committed misconduct by failing to disclose that, prior to or at the time of the change of plea and sentencing hearings, the prosecutor, Joseph J. Volpe, was being considered for appointment as a magistrate judge in this district.[4] Courtney, in a respectful manner, proposes that the Court had a duty to disclose that potential influence or bias existed and could affect the manner in which the case was handled by the prosecutor or the Court. He says that he "was rushed into executing the plea agreement, and then to his sentencing hearing." Courtney suggests that the impending appointment might be the reason for the rush.

Courtney's assertion that he was rushed in any manner is inconsistent with the record. He was arrested on August 9, 2007, and an order of detention was entered on that same day. He was indicted on September 5, 2007. A superseding indictment was returned on February 6, 2008. As noted above, Courtney changed his plea on November 20, 2008. His guilty plea thus came 15 months after he was arrested and detained, 14 months after he was indicted, and nine months after the superseding indictment was returned. He was not rushed into a change of plea.

Nor was Courtney's sentencing rushed. As noted, Courtney changed his plea from not guilty to guilty on November 20, 2008. The presentence report was prepared on February 27, 2009, and it was revised on May 6, 2009. Courtney was sentenced on June 11, 2009, nearly seven months after his change of plea, almost four months after the presentence report was first prepared, and five weeks after the presentence report was revised, which hardly indicates a rush through the sentencing process.

---

[4] Volpe took the oath of office as a magistrate judge for this district on July 30, 2009.

As noted above, the Court imposed the sentence requested by Courtney's lawyers, which required a downward variance of 30 months, over an objection voiced by Volpe on behalf of the government. The Court imposed the minimum sentence permitted by the statute of conviction. The suggestion that Courtney's sentence was somehow lengthier than it would have been but for some bias or influence is untenable. In light of the fact that the guideline imprisonment range was 210-260 months, and in light of the fact that the Court granted Courtney's request for a downward variance to the statutory minimum over the government's objection, no reasonable person could believe that bias or influence adversely affected Courtney's sentence.

## CONCLUSION

It is quite true, as defense counsel argued and as the Court acknowledged at the sentencing hearing, that a sentence of 15 years in this instance is "a big hit." Fifteen years is a very long sentence. The 15 year mandatory minimum required by 18 U.S.C. § 2251 is a longer sentence than imposed for a first conviction by other statutes criminalizing acts pertaining to child pornography. *See* 18 U.S.C. §§ 2252(b)(1); 2252A(b)(1) and (2). As the Court noted in the sentencing hearing, a 15 year sentence is the mandatory minimum for an armed career criminal. *See* 18 U.S.C. § 924(e)(1). Fifteen years is, nonetheless, the minimum sentence under the statute of conviction. Courtney was fully informed that he would face a mandatory minimum sentence of 15 years when he changed his plea from not guilty to guilty. Moreover, the change of plea colloquy established that Courtney was guilty of the crime to which he pled. As the Court stated at the conclusion of the sentencing hearing, the plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. At sentencing, Courtney raised two issues—one was an objection to a five level enhancement proposed by the presentence report,

and the other was a motion for a variance downward to the statutory minimum term of imprisonment. The Court sustained Courtney's objection to the presentence report and granted his motion for a variance downward to the statutory minimum. Courtney's lawyers at sentencing requested all of the relief legally available to Courtney, and the Court granted it. The record conclusively establishes that Courtney's claims are without merit.

Courtney's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Because Courtney has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will be granted.

IT IS SO ORDERED this 16th day of March, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE